FILED

2016 MAR 16 AM 11: 12

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**RICHARD DENONCOUR**, an individual,

Plaintiff,

v.

**BARRETT'S OF S.W. FLORIDA, INC.**, a Florida corporation, and **JOEL L. BARRETT**, an individual,

Defendants.

**CIVIL ACTION**

**Case No. 2:16-cv-**205-FtM-99MRM

**Judge:**

**Mag. Judge:**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**NOW COMES** the Plaintiff, **RICHARD DENONCOUR** ("Denoncour" or "Plaintiff"), by and through undersigned counsel, and states the following for his Complaint:

**CAUSES OF ACTION**

1. This is an action brought under the federal Fair Labor Standards Act ("FLSA") and common law for (1) unpaid wages and overtime, (2) breach of contract, (3) promissory estoppel, and (4) unjust enrichment.

**PARTIES**

2. The Plaintiff, **RICHARD DENONCOUR ("DENONCOUR")** is an individual and a resident of Florida who at all material times resided in Charlotte County, Florida and at all times had enterprise and individual coverage under the FLSA during his employment with the Defendant. At all material times, **DENONCOUR** was employed by the Defendant as a sales associate. **DENONCOUR** performed work in Charlotte County, Florida, which is within the Middle District of Florida, during the events giving rise to this case. **DENONCOUR** was an

employee within the contemplation of 29 U.S.C. 203(e)(1). Thus, pursuant to 28 U.S.C. 1391(b), venue for this action lies in the Middle District of Florida.

3. The Defendant, **BARRETT'S OF S.W. FLORIDA, INC.** ("**BARRETTS**") is a Florida corporation and is a covered employer under the FLSA (29 U.S.C. §203(d), (r) and (s)). **BARRETTS** has the authority to hire, fire, assign work, withhold work and affect the terms and conditions of persons like **DENONCOUR**. **BARRETTS** supervised and controlled **DENONCOUR**'s work schedules and conditions of employment, in addition to determining the rate and method of payment for **DENONCOUR**. **BARRETTS** maintains employment records of **DENONCOUR**. **BARRETTS** was the employer of **DENONCOUR**.

4. The Defendant, **JOEL L. BARRETT** ("**JOEL**") is an individual and is a covered employer under the FLSA (29 U.S.C. §203(d), (r) and (s)). **JOEL** had the authority to hire, fire, assign work, withhold work and affect the terms and conditions of persons like **DENONCOUR**. **JOEL** supervised and controlled **DENONCOUR**'s work schedules and conditions of employment, in addition to determining the rate and method of payment for **DENONCOUR**. **JOEL** maintains employment records of **DENONCOUR**. **JOEL** was the employer of **DENONCOUR**.[1]

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this matter under 28 U.S.C. §1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act (FLSA") 29 U.S.C. §§216(b) and 217. The jurisdiction of this Court is invoked to secure the protection and redress of the deprivation of rights secured by the FLSA. An opt-in Collective Action is sought under FLSA 216(h).

---

1 **BARRETTS** and **JOEL** are referred to herein as "Defendants."

6. This Court has supplemental jurisdiction over **DENONCOUR**'s state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiffs resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Charlotte County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since the action accrued in Charlotte County, which is within the Fort Myers Division.

## GENERAL ALLEGATIONS

8. **DENONCOUR** has worked for the Defendant within the last four years.

9. **DENONCOUR** began his employment with the Defendants in July 2012 as a sales associate.

10. **DENONCOUR**'s direct supervisor was **JOEL**, and **DENONCOUR**'s role of sales associate was non-management and did not include advising the Defendants regarding violations of state or federal wage/hour law.

11. **DENONCOUR**'s job duties, in relevant part, included selling products and rental equipment for the Defendants from the Defendants' place of business.

12. **DENONCOUR**'s regular daily duties included often began well prior to around 6:30 A.M. and could, and would, often end as late as 6:00 P.M. and include work on weekends.

13. The Defendants demanded that **DENONCOUR** be available between those hours and **DENONCOUR** did work for the Defendant during that time.

14. The Defendant did not pay **DENONCOUR** a minimum hourly wage, nor overtime, and instead opted to compensate **DENONCOUR** on a salary and commission basis.

15. In no way did **DENONCOUR**'s primary duties with the Defendants include leaving the Defendants' place of business to makes sales.

16. The overwhelming majority of **DENONCOUR**'s working time was spent being a sales associate at the Defendants' place of business.

17. **DENONCOUR**'s duties did not consist of being customarily and regularly engaged away from the Defendants' place of business.

18. **DENONCOUR**'s primary duty was to remain at the Defendants' place of business to be a sales associate under the direct supervision of **JOEL**.

19. The Defendants misclassified **DENONCOUR** as FLSA-exempt and have failed to keep records of his hours worked.

20. The Defendant should have been paying **DENONCOUR** on an hourly, non-exempt rate during the entire course of his employment with the Defendants.

21. **DENONCOUR** was required by the Defendant to work fifty-five (55) hours per week without proper overtime compensation.

22. The Defendant's practices alleged *supra*, establish that **DENONCOUR** was not engaged in outside sales as his primary job duty and thus he was not FLSA-exempt but rather a non-exempt employee whom the Defendant required or permitted to work overtime hours without proper compensation in violation of the FLSA because he performed overtime work for the benefit of the Defendants for which he was not compensated. This practice violates the overtime pay provisions of the FLSA by virtue of the Defendants' failure to pay compensation at a rate of one and one-half (1 and 1/2) times the employees' regular hourly wage rate.

23. At all relevant times, the Defendants' employment of **DENONCOUR** has been on a salary basis, which salary was design to cover all hours worked up to forty (40) hours per week.

24. The Defendants failed to act in good faith under the reasonable belief they had complied with the FLSA.

25. The Defendants have violated the FLSA by failing to pay overtime wages to **DENONCOUR**.

**COUNT I: VIOLATION OF THE FLSA- UNPAID OVERTIME**

26. The Plaintiff hereby incorporate Paragraphs 1-25 in this Count as though fully set forth herein.

27. **DENONCOUR** was actually a covered, non-exempt employee under the FLSA at all times during his employment as a sales associate with the Defendants.

28. The Defendants were required by the FLSA to pay **DENONCOUR** at least time and one-half for all hours worked by **DENONCOUR** in excess of 40 hours per week.

29. The Defendants had operational control over all aspects of **DENONCOUR**'s day-to-day functions during his employment, including compensation.

30. The Defendants were **DENONCOUR**'s "employer" and is liable for violations of the FLSA in this case.

31. The Defendants violated the FLSA by failing to pay **DENONCOUR** at least time and one-half for all hours worked over 40 per week.

32. The Defendants have willfully violated the FLSA in refusing to pay **DENONCOUR** proper overtime for all hours worked over 40 per week.

33. As a result of the foregoing, **DENONCOUR** has suffered damages of lost wages.

34. The Defendant is the proximate cause of **DENONCOUR**'s damages.

**WHEREFORE,** the Plaintiff prays that this Honorable Court enter a Judgment in his favor and against the Defendants for an amount consistent with evidence, together with liquidated damages, the costs of litigation, interest, and reasonable attorneys' fees.

**COUNT II – BREACH OF CONTRACT**

35. The Plaintiff realleges and incorporates Paragraphs 1-4, 6-11, 14 and 18 in this Count by reference.

36. A contract existed between **DENONCOUR** and the Defendants.

37. The terms of the contract were that **DENONCOUR** would be compensated for his services by receiving a set percentage (i.e. a commission) on all gross billings on all contracts or services sold by **DENONCOUR**.

38. Both **DENONCOUR** and the Defendants agreed to those terms, which were clear and unambiguous.

39. **DENONCOUR** fully and satisfactorily performed his duties under the contract.

40. The Defendants have breached the contract by refusing to pay **DENONCOUR** the commissions due under the terms of the oral contract.

41. **DENONCOUR** has been damaged as a result of the Defendants' breach of the oral contract.

42. This Count is timely brought and all conditions precedent have occurred or been waived.

**WHEREFORE**, Plaintiff respectfully demands that this Honorable Court enter its judgment in favor of Plaintiff and against Defendants in an amount consistent with the evidence,

together with the costs of this litigation, interest, reasonable attorney's fees upon service of Offer of Judgment, and all other relief as this Court deems proper.

**COUNT III – PROMISSORY ESTOPPEL**

43. The Plaintiff realleges and incorporates Paragraphs 1-4, 6-11, 14 and 18 in this Count by reference.

44. This Count is pled in the alternative.

45. The Defendants represented that when **DENONCOUR** sold products or products or services, he be paid for his services by receiving a percentage such sales.

46. The Defendants made a representation as to a material fact, to wit: for his services, **DENONCOUR** would be paid a set percentage of all sales made by him, that is contrary to the Defendants' now-asserted position.

47. **DENONCOUR** reasonably but detrimentally relied upon the representation of the Defendants.

48. The Defendants' change in position is detrimental to **DENONCOUR** as he reasonably relied upon the same in agreeing to perform services for the Defendants.

49. Injustice can only be avoided by enforcing the promise against the Defendants.

50. **DENONCOUR** has been damaged as a result of the Defendants' actions.

51. This Count is timely brought and all conditions precedent have occurred or been waived.

**WHEREFORE**, Plaintiff respectfully demands that this Honorable Court enter its judgment in favor of Plaintiff and against Defendants in an amount consistent with the evidence, together with the costs of this litigation, interest, reasonable attorney's fees upon service of Offer of Judgment, and all other relief as this Court deems proper.

**COUNT IV- UNJUST ENRICHMENT**

52. The Plaintiff incorporates Paragraphs 1-4, 6-11, 14 and 18 in this Count by reference.

53. This Count is pled in the alternative.

54. An implied-in-law contract existed between **DENONCOUR** and the Defendants.

55. **DENONCOUR** did confer a benefit upon the Defendants, that being the benefit of his services and the sale of products and services for the Defendants, which benefit the Defendants appreciated.

56. **DENONCOUR** fully and satisfactorily performed his duties, which was known to the Defendants.

57. The Defendants accepted and retained the benefit of **DENONCOUR**'s services without paying the value thereof.

58. The Defendants have refused to pay **DENONCOUR** at the accepted and standard rate of pay that was agreed upon by the parties and which rate the Defendants had previously compensated **DENONCOUR**.

59. Based upon the circumstances, it is inequitable for the Defendants to retain the benefit of **DENONCOUR**'s services without paying fair value for the same.

60. The Defendants are required to pay **DENONCOUR** fair value for the services rendered and at the Defendants' standard and agreed rate of pay.

61. This Count is timely brought and all conditions precedent have occurred or been waived.

**WHEREFORE**, Plaintiff respectfully demands that this Honorable Court enter its judgment in favor of Plaintiff and against Defendants in an amount consistent with the evidence,

together with the costs of this litigation, interest, reasonable attorney's fees upon service of Offer of Judgment, and all other relief as this Court deems proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, the Plaintiff demands a trial by jury as to all issues triable as of right.

Respectfully submitted,

Dated: March 14, 2016

Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiffs
Yormak Employment & Disability Law
9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com