UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RICHARD DENONCOUR, an individual,

    Plaintiff,

v.      Case No: 2:16-cv-205-FtM-99MRM

BARRETT'S OF S.W. FLORIDA, INC., a Florida corporation and JOEL L. BARRETT, an individual,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court on Plaintiff/Counter-Defendant's Motion to Dismiss Counterclaim and Motion to Strike Third Affirmative Defense (Doc. #14) filed on May 2, 2016. Defendant/Counter-Plaintiff Barrett's of S.W. Florida, Inc. filed a response (Doc. #22) on May 31, 2016. For the reasons set forth below, the motion is granted in part and denied in part.

**I.**

Richard Denoncour (Denoncour), a salaried and commission-based sales associate, filed a four-count Complaint against his former employer, Barrett's of S.W. Florida, Inc. (Barrett's) and Joel L. Barrett (collectively "defendants"), claiming that he was misclassified as exempt and denied overtime pay in violation of the Fair Labor Standards Act (FLSA). (Doc. #1.)  Plaintiff also

asserts state-law claims for breach of oral contract for failure to pay plaintiff commissions, promissory estoppel, and unjust enrichment against defendants. (Id.) Defendants filed an Answer asserting the affirmative defense of setoff, and Barrett's asserted a counterclaim for breach of oral contract. (Doc. #11.) The counterclaim alleges that Denoncour failed to repay a loan to Barrett's. (Id. at pp. 10-11.)

## II.

Barrett's counterclaim arises under state law, and the Court has no independent federal jurisdiction to hear the claim. However, the Court can exercise supplemental jurisdiction over compulsory counterclaims that are "related to claims in the action within such original jurisdiction that they form part of the same case or controversy ...." 28 U.S.C. § 1367(a); see also Fed. R. Civ. P. 13(a). Permissive counterclaims under Federal Rule of Civil Procedure 13(b) require an independent basis for federal jurisdiction. East-Bibb Twiggs Neighborhood Ass'n v. Macon Bibb Planning & Zoning Comm'n, 888 F.2d 1576, 1578 (11th Cir. 1989).

The Court agrees with plaintiff that the counterclaim is permissive as it is wholly unrelated to the allegations of the Complaint. There is no relationship between the claim that defendants failed to pay plaintiff's overtime wages and the claim that plaintiff failed to repay a loan from Barrett's. Most of the facts relating to the prosecution and defense of plaintiff's claim

are distinct from the facts needed to litigate the counterclaim. Therefore, the Court finds that the counterclaim is unrelated to the FLSA claim, and thus is permissive rather than compulsory. Because defendants have presented no independent basis for federal subject matter jurisdiction, the permissive counterclaim is dismissed. See East-Bibb, 888 F.2d at 1578-79. As the Court has determined that the counterclaim is dismissed for lack of subject matter jurisdiction, it need not reach the issue of whether the counterclaim states a claim under Federal Rule of Civil Procedure 8(a)(2).

## III.

Plaintiff moves to strike as legally insufficient defendants' Third Affirmative Defense, which alleges that defendants are entitled to a setoff for repayment of the loan. (Doc. #11, ¶64.) Courts disfavor motions to strike and deny them unless the allegations have "no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995).

Under Florida law, set-off is an affirmative defense in contract actions that must be pleaded or it is waived. See Felgenhauer v. Bonds, 891 So. 2d 1043, 1045 (Fla. 2d DCA 2004). Here, defendants' Third Affirmative Defense for setoff will be allowed to proceed as an affirmative defense to plaintiff's state-

law breach of oral contract claim for failure to pay plaintiff commissions (Count II).

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Plaintiff/Counter-Defendant's Motion to Dismiss Counterclaim and Motion to Strike Third Affirmative Defense (Doc. #14) is **GRANTED IN PART AND DENIED IN PART**. Defendant Barrett's of S.W. Florida Inc.'s counterclaim is dismissed without prejudice for lack of subject matter jurisdiction, and the motion to strike is denied.

2. The Clerk shall enter judgment accordingly and terminate the counter-claimants and counter-defendant on the docket, but the case remains open as to plaintiff's claims against defendants.

**DONE and ORDERED** at Fort Myers, Florida, this __3rd__ day of November, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record